**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Teri Doherty, <br><br> Plaintiff, <br> v. <br><br> Midland Credit Management, Inc.; <br> and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Teri Doherty, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Teri Doherty ("Plaintiff"), is an adult individual residing in Quincy, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. ("Midland"), is a business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Midland Engages in Harassment and Abusive Tactics

12.     Within the last year, Midland contacted the Plaintiff in an attempt to collect the Debt.

13.     The Debt does not belong to Plaintiff. The Debt belongs to "Jeffery Handy."

14.     Plaintiff advised Midland that Mr. Handy does not reside with him, cannot be reached at his telephone number and that Plaintiff does not know who this individual is.

15.     Plaintiff asked Midland to cease calling him regarding the Debt.

16.     Midland continued to call Plaintiff despite Plaintiff's request.

### C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.  The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22.  The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23.  The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.  The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

26.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

28.  Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

32. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls for a debt that does not belong to Plaintiff.

33. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

36. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 2, 2012

                              Respectfully submitted,

                              By   /s/ Sergei Lemberg
                              Sergei Lemberg (BBO# 650671)
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff